UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TARA HUSE,

        Plaintiff,

v.                                                          Case No. 09-C-304

BONDED CREDIT COMPANY, INC.,

        Defendant.

**ORDER**

Plaintiff Tara Huse sued defendant Bonded Credit Company, Inc. ("Bonded") under the Fair Debt Collection Practices Act. The parties entered into a stipulation under which Bonded admitted statutory liability in the amount of $1,000. (Doc. # 27.) The stipulation also included a provision that the parties would submit to the Court the issue of what attorneys' fees and costs Huse was entitled to recover from Bonded under 15 U.S.C. § 1692k(a)(3). In the stipulation filed on February 2, 2010, plaintiff represented she would be able to file her motion for attorney fees and costs within 14 days.

Plaintiff filed her motion on February 18, 2010, in which she requested an award of $23,366.59 in attorneys' fees and costs. (Doc. # 28.) Attached to the motion were exhibits detailing the legal services provided plaintiff by her attorneys and the costs plaintiff incurred in this action. Instead of addressing the merits of the motion, on March 11, 2010 Bonded filed a one-page response in which it requested that the Court deny plaintiff's motion because, according to Bonded, the motion was untimely. In support of its request, Bonded cites Civil L.R. 7(d) as a basis to deny the motion. It appears that Bonded meant to cite the version of Civil L.R. 7.1(d) in effect prior to the

recent amendments to the local rules, which provided that a failure to file a timely brief would be deemed a waiver of the right to submit it. In any event, I find unconvincing Bonded's argument that plaintiff's motion is untimely, as the schedule to which Bonded would hold plaintiff in the filing of the motion did not issue from this Court, but was merely based on plaintiff's expectation that she would be filing the motion within 14 days from the stipulation filed on February 2, 2010. Although plaintiff may have filed her motion a couple of days after when she estimated she would be able to, there was no order of the Court requiring that she file it by a certain date.

Further, I have reviewed the exhibits plaintiff submitted in support of her motion for fees and costs, and find the requested fees and costs reasonable given the nature and complexity of this FDCPA case. Since this case began in December of 2008, plaintiff's attorneys have taken several depositions and filed a motion for summary judgment. Until the recent stipulation of liability, which occurred after the final pretrial conference, this case was postured to be heard by a jury.

Bonded had a chance under the local rules to respond to the substance of plaintiff's motion for attorneys' fees, but chose not to, thereby forfeiting the opportunity. Because I conclude that the attorneys' fees and costs requested by plaintiff are reasonable, plaintiff's motion is **GRANTED**. Plaintiff is awarded $23,366.59 in attorneys' fees and costs, to be paid by defendant. Plaintiff is also awarded $1,000.00 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A) based on the stipulation of the parties. The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $24,366.59.

**SO ORDERED** this   19th   day of March, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge